**UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| **MARLOWE HILLYER,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**SENTINELONE, INC.**<br><br>**Defendant.** | **Case No.:** ___________<br><br>**Judge:** _____________ |

**VERIFIED COMPLAINT AND JURY DEMAND**

Plaintiff Marlowe Hillyer, by and through undersigned counsel, states the following for her complaint against Defendant, SentinelOne, Inc.:

## I. NATURE OF THE ACTION

1. This is an action for damages and equitable relief arising under: a. Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301–4335; b. Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq.; c. Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; d. Retaliation prohibited by USERRA, the ADA, and Title VII; and e. Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. §§ 4-21-101 et seq.
2. Plaintiff seeks relief for discrimination, retaliation, failure to accommodate, and wrongful termination based on:

a. Plaintiff's military service and military obligations;

b. Plaintiff's service-connected disability (PTSD);

c. Plaintiff's sex; and

d. Plaintiff's engagement in protected activity.

## II. JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331, 38 U.S.C. § 4323(b), and 42 U.S.C. §§ 2000e-5(f)(3) and 12117(a).
4. This Court has supplemental jurisdiction over Plaintiff's THRA claims pursuant to 28 U.S.C. § 1367.
5. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

6. Plaintiff, Marlowe Hillyer, is a resident of Nashville, Tennessee and was employed by Defendant as a Strategic Account Executive until termination on August 12, 2025.
7. Plaintiff is a veteran of the United States Military and has a documented permanent 100% service-connected disability.
8. Defendant, SentinelOne, Inc., is an employer within the meaning of USERRA, the ADA, Title VII, and the THRA.
9. Defendant, SentinelOne, Inc., is incorporated in California and has a principal location and mailing address of 444 Castro Street, 4th Floor, Mountain View, CA 94041.

## V. FACTUAL ALLEGATIONS

10. Plaintiff served honorably in the U.S. Air Force and was honorably discharged from duty prior to obtaining employment with Defendant.
11. While serving in the military, Plaintiff suffered injuries resulting in on-going Post-Traumatic Stress Disorder (PTSD), which intermittently substantially limits major life activities.
12. Plaintiff was hired by Defendant on June 23, 2024.
13. Defendant was aware of Plaintiff's military service, disability and protected veteran status.
14. Plaintiff was qualified for the position and performed satisfactorily.
15. In 2025, Plaintiff requested reasonable accommodation and short-term leave related to her military service-induced PTSD.
16. Defendant approved Plaintiff's short-term leave request and allowed Plaintiff to take leave to address her military service-induced PTSD.
17. Plaintiff went out on short-term disability leave due to her PTSD on July 15, 2025.
18. While on that approved leave, Defendant retaliated against Plaintiff by terminating Plaintiff's employment on August 12, 2025.
19. Defendant alleged Plaintiff's position was eliminated as part of a reduction in force (RIF).
20. Defendant simultaneously sought applicants for Plaintiff's position or a position that was substantially the same as Plaintiff's allegedly eliminated position.
21. Plaintiff was terminated on August 12, 2025 for pretextual reasons.

## VI. CAUSES OF ACTION

**COUNT I – USERRA Discrimination (38 U.S.C. § 4311)**

22. Plaintiff incorporates by reference all prior paragraphs. At all times relevant to this Complaint, Plaintiff was a member of the United States Air Force and had an obligation to perform service in the uniformed services within the meaning of 38 U.S.C. § 4311.

23. In 2025, Plaintiff notified Defendant of her requested leave from employment on July 15, 2025.

24. Defendant had actual knowledge of Plaintiff's membership in the United States Air Force and Plaintiff's obligation to perform military service.

25. Following Plaintiff's notification of her military service obligation and request for military leave, Defendant retaliated against Plaintiff by terminating Plaintiff's employment on August 12, 2025.

26. Defendant denied Plaintiff continued employment on the basis of Plaintiff's membership in the United States Air Force.

27. Plaintiff's membership in the United States Air Force and performance of military service and obligation to perform service in the uniformed services was a motivating factor in Defendant's decision to retaliate against Plaintiff by terminating Plaintiff's employment on August 12, 2025.

28. Plaintiff's military service-related leave was a motivating factor in including Plaintiff in Defendant's pretextual RIF.

29. Defendant's conduct was willful.

30. Defendant cannot prove that it would have taken the same adverse employment action against Plaintiff in the absence of Plaintiff's request and approval of Plaintiff's short-term disability leave due to her PTSD.

31. Defendant discriminated against Plaintiff based on taking military service-related leave.

32. By reason of the foregoing, Defendant violated 38 U.S.C. § 4311(a), which prohibits an employer from terminating employment or any benefit of employment to a person on the basis of that person's membership, performance of service, or obligation to perform service in a uniformed service.

33. As a direct and proximate result of Defendant's unlawful discrimination in violation of USERRA, Plaintiff has suffered and continues to suffer damages including but not limited to: lost wages and benefits, loss of earning capacity, emotional distress, and other compensatory damages in an amount to be determined at trial.

**COUNT II – Sex Discrimination (Title VII)**

34. Plaintiff incorporates all prior paragraphs.

35. At all times relevant to this Complaint, Defendant was an employer engaged in an industry affecting commerce within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

36. At all times relevant to this Complaint, Defendant employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year within the meaning of 42 U.S.C. § 2000e(b).

37. At all times relevant to this Complaint, Plaintiff was an employee of Defendant within the meaning of 42 U.S.C. § 2000e(f).

38. Plaintiff is a woman and is a member of a protected class under Title VII.

39. On or about the time that the Defendant terminated the employment of the Plaintiff, while on approved medical leave, Plaintiff was qualified for the position, met all job requirements and performed duties satisfactorily.

40. Defendant treated Plaintiff differently from similarly situated employees of the opposite sex who were not members of Plaintiff's protected class.

41. Plaintiff was one of seven individuals on her team at SentinelOne.

42. Specifically, Defendant retained male employees who were lesser qualified and/or had less tenure than Plaintiff.

43. Defendant's adverse employment actions were taken because of Plaintiff's sex.

44. Plaintiff's sex was a motivating factor in Defendant's decision to terminate her employment in the US Air Force.

45. Similarly situated employees outside Plaintiff's protected class were treated more favorably under nearly identical circumstances.

46. By reason of the foregoing, Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2, by discriminating against Plaintiff in the terms, conditions, and privileges of employment on the basis of Plaintiff's sex.

47. As a direct and proximate result of Defendant's unlawful sex discrimination in violation of Title VII, Plaintiff has suffered and continues to suffer damages including but not limited to: lost wages and benefits, loss of earning capacity, emotional distress, humiliation, and other compensatory damages in an amount to be determined at trial.

**COUNT III – USERRA Retaliation (38 U.S.C. § 4311)**

48. Plaintiff incorporates all prior paragraphs.

49. At all times relevant to this Complaint, Defendant was an employer within the meaning of 38 U.S.C. § 4311.

50. Plaintiff is a member of the U.S. Air Force, and is a person protected under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 et seq.

51. USERRA provides rights and protections to service members, including the right to take leave for medical treatment necessitated by uniformed service.

52. On or about July 15, 2025, Plaintiff requested and was approved for medical leave under USERRA for Post Traumatic Stress Disorder.

53. Plaintiff's medical leave was directly related to an injury, illness, or condition incurred in or aggravated during the performance of service in the uniformed services.

54. By requesting and utilizing medical leave under USERRA, Plaintiff exercised a right provided for under 38 U.S.C. § 4301 et seq.

55. Defendant had actual knowledge that Plaintiff exercised rights under USERRA by requesting and utilizing approved medical leave related to her uniformed service.

56. Following Plaintiff's request, approval and beginning of her USERRA-protected medical leave, Defendant terminated Plaintiff's employment.

57. Defendant discriminated against Plaintiff in employment and took adverse employment action and retaliatory action against Plaintiff because Plaintiff exercised a right provided under USERRA by utilizing her approved medical leave. 38 U.S.C. § 4311(b).

58. Plaintiff's exercise of rights under USERRA, specifically her utilization of approved medical leave, was a motivating factor in Defendant's decision to terminate her.

59. Defendant cannot prove that it would have taken the same adverse employment action against Plaintiff in the absence of Plaintiff's exercise of rights under USERRA and utilization of approved medical leave.

60. The prohibition in 38 U.S.C. § 4311(b) applies to Plaintiff regardless of whether Plaintiff has performed service in the uniformed services.

61. By reason of the foregoing, Defendant violated 38 U.S.C. § 4311(b), which prohibits an employer from discriminating in employment against or taking any adverse employment action or retaliatory action against any person because such person has exercised a right provided under USERRA.

62. As a direct and proximate result of Defendant's unlawful retaliation in violation of USERRA, Plaintiff has suffered and continues to suffer damages including but not limited to: lost wages and benefits, loss of earning capacity, emotional distress, and other compensatory damages in an amount to be determined at trial.

**COUNT IV – Disability Discrimination (ADA)**

63. Plaintiff incorporates all prior paragraphs.

64. At all times relevant to this Complaint, Defendant was an employer engaged in an industry affecting commerce within the meaning of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et seq.

65. At all times relevant to this Complaint, Defendant employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year within the meaning of 42 U.S.C. § 12111(5).

66. At all times relevant to this Complaint, Plaintiff was an employee of Defendant within the meaning of the ADA.

67. Plaintiff has been diagnosed with and suffers from Post-Traumatic Stress Disorder that was incurred in or aggravated during the performance of service in the uniformed services.

68. Plaintiff's military service-related PTSD is a physical or mental impairment that substantially limits one or more major life activities within the meaning of 42 U.S.C. § 12102.

69. Alternatively, Defendant regarded Plaintiff as having such an impairment.

70. Alternatively, Plaintiff has a record of such an impairment.

71. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

72. Plaintiff was qualified for her position and, with or without reasonable accommodation, could perform the essential functions of the position.

73. Defendant had actual knowledge of Plaintiff's military service-related PTSD.

74. On or about August 12, 2025, Defendant terminated Plaintiff's employment while out on medical leave.

75. Defendant discriminated against Plaintiff on the basis of Plaintiff's disability in regard to privilege of employment.

76. Defendant's adverse employment actions were taken because of Plaintiff's military service-related PTSD.

77. Plaintiff's disability was a motivating factor in Defendant's decision to terminate her employment.

78. Defendant failed to engage in the interactive process to determine whether a reasonable accommodation would enable Plaintiff to perform the essential functions of her position.

79. Defendant failed to provide reasonable accommodations to the known physical or mental limitations of Plaintiff as a qualified individual with a disability.

80. Reasonable accommodations were available that would have enabled Plaintiff to perform the essential functions of her position without imposing an undue hardship on Defendant's business operations.

81. By reason of the foregoing, Defendant violated the Americans with Disabilities Act, as amended, 42 U.S.C. § 12112, by discriminating against Plaintiff on the basis of Plaintiff's disability in regard to the terms, conditions, and privileges of employment.

82. As a direct and proximate result of Defendant's unlawful disability discrimination in violation of the ADA, Plaintiff has suffered and continues to suffer damages including but not limited to: lost wages and benefits, loss of earning capacity, emotional distress, humiliation, and other compensatory damages in an amount to be determined at trial.

**COUNT V – Discrimination and Retaliation (TENNESSEE HUMAN RIGHTS ACT)**

83. Plaintiff incorporates all prior paragraphs.

84. At all times relevant to this Complaint, Defendant was an employer employing eight or more individuals within Tennessee within the meaning of the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-102(8).

85. At all times relevant to this Complaint, Plaintiff was an employee of Defendant.

86. Plaintiff is a female and is a member of a protected class under the Tennessee Human Rights Act.

87. Plaintiff was qualified for her position and performed her duties satisfactorily.

88. On or about July 15, 2025 Plaintiff requested and was approved for medical leave under USERRA for treatment related to military service-related PTSD.

89. By requesting and utilizing medical leave under USERRA, Plaintiff exercised rights protected under federal law.

90. Defendant had actual knowledge of Plaintiff's sex, her military service-related PTSD, and her exercise of rights under USERRA by requesting and utilizing approved medical leave.

91. On or about August 12, 2025, Defendant terminated Plaintiff's employment while she was on approved medical leave.

92. Defendant discriminated against Plaintiff with respect to compensation, terms, conditions, or privileges of employment because of Plaintiff's sex in violation of Tenn. Code Ann. § 4-21-401(a)(1).

93. Defendant limited, segregated, or classified Plaintiff in a manner that deprived or tended to deprive Plaintiff of employment opportunities or otherwise adversely affected Plaintiff's status as an employee because of Plaintiff's sex in violation of Tenn. Code Ann. § 4-21-401(a)(2).

94. Defendant's adverse employment actions were taken because of Plaintiff's sex.

95. Defendant's adverse employment actions were taken in retaliation for Plaintiff's exercise of rights under USERRA, including her request for and utilization of approved medical leave related to military service-related PTSD.

96. Defendant's adverse employment actions were taken because Defendant regarded Plaintiff as having a disability, specifically military service-related PTSD, and discriminated against Plaintiff on that basis.

97. Plaintiff's sex was a motivating factor in Defendant's decision to terminate her employment.

98. Plaintiff's exercise of rights under USERRA was a motivating factor in Defendant's decision to terminate her employment.

99. Plaintiff's military service-related PTSD was a motivating factor in Defendant's decision to terminate her employment.

100. Similarly situated male employees or employees who did not exercise rights under USERRA were treated more favorably under nearly identical circumstances.

101. The stated reasons given by Defendant for the adverse employment actions were pretextual and not the actual reasons for the challenged employment actions.

102. Plaintiff has been the victim of intentional discrimination and retaliation in violation of the Tennessee Human Rights Act.

103. As a direct and proximate result of Defendant's unlawful discrimination and retaliation in violation of the Tennessee Human Rights Act, Plaintiff has suffered and continues to suffer damages including but not limited to: lost wages and benefits, loss of earning capacity, emotional distress, humiliation, and other actual damages in an amount to be determined at trial.

## VII. DAMAGES

104. Plaintiff suffered lost income, back pay, front pay, earned benefits and compensation, earned and expected commissions, lost benefits, emotional distress, and other damages in an amount no less than four million, eight hundred thousand dollars ($4,800,000) plus attorneys' fees and costs of suit.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

**AS TO COUNT I (USERRA DISCRIMINATION)**

1. A declaratory judgment that Defendant violated the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4311(a), by discriminating against Plaintiff on the basis of her membership in the uniformed services, performance of military service, and obligation to perform service in the uniformed services.
2. An order requiring Defendant to comply with the provisions of 38 U.S.C. § 4301 et seq.
3. An order requiring Defendant to reinstate Plaintiff to the position she would have held but for Defendant's unlawful discrimination, with full seniority rights and benefits.
4. Compensation for all lost wages and benefits suffered by Plaintiff by reason of Defendant's failure to comply with the provisions of USERRA, from the date of the unlawful employment action to the present and continuing until such time as Plaintiff is properly reinstated or otherwise made whole.
5. Interest on all lost wages and benefits calculated at the maximum rate permitted by law.

6. Liquidated damages in the amount of $50,000 or the amount equal to all lost wages, benefits, and interest, whichever is greater, if the Court determines that Defendant's failure to comply with the provisions of USERRA was knowing.

7. Such other and further equitable relief as the Court deems appropriate to vindicate fully Plaintiff's rights under USERRA, including but not limited to permanent injunctive relief, temporary restraining orders, and contempt orders.

**AS TO COUNT II (SEX DISCRIMINATION UNDER TITLE VII)**

8. A declaratory judgment that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2, by discriminating against Plaintiff in the terms, conditions, and privileges of employment on the basis of her sex.

9. An order requiring Defendant to cease and desist from engaging in unlawful sex discrimination.

10. An order requiring Defendant to reinstate Plaintiff to the position she would have held but for Defendant's unlawful discrimination, with full seniority rights and benefits.

11. Compensatory damages for all lost wages and benefits, loss of earning capacity, emotional distress, humiliation, and other compensatory damages in an amount to be determined at trial.

12. Pre-judgment and post-judgment interest on all monetary damages at the maximum rate permitted by law.

13. Punitive damages in an amount sufficient to punish Defendant and deter future unlawful conduct.

14. Such other and further equitable relief as the Court deems appropriate, including but not limited to injunctive relief.

**AS TO COUNT III (USERRA RETALIATION)**

15. A declaratory judgment that Defendant violated 38 U.S.C. § 4311(b) by discriminating against and retaliating against Plaintiff because she exercised rights provided under USERRA by requesting and utilizing approved medical leave related to her uniformed service.
16. An order requiring Defendant to comply with the provisions of 38 U.S.C. § 4301 et seq.
17. An order requiring Defendant to reinstate Plaintiff to the position she would have held but for Defendant's unlawful retaliation, with full seniority rights and benefits.
18. Compensation for all lost wages and benefits suffered by Plaintiff by reason of Defendant's failure to comply with the provisions of USERRA, from the date of the unlawful retaliatory action to the present and continuing until such time as Plaintiff is properly reinstated or otherwise made whole.
19. Interest on all lost wages and benefits calculated at the maximum rate permitted by law.
20. Liquidated damages in the amount of $50,000 or the amount equal to all lost wages, benefits, and interest, whichever is greater, if the Court determines that Defendant's failure to comply with the provisions of USERRA was knowing.
21. Such other and further equitable relief as the Court deems appropriate to vindicate fully Plaintiff's rights under USERRA, including but not limited to permanent injunctive relief, temporary restraining orders, and contempt orders.

**AS TO COUNT IV (DISABILITY DISCRIMINATION UNDER ADA)**

22. A declaratory judgment that Defendant violated the Americans with Disabilities Act, as amended, 42 U.S.C. § 12112, by discriminating against Plaintiff on the basis of her disability in regard to the terms, conditions, and privileges of employment.
23. An order requiring Defendant to cease and desist from engaging in unlawful disability discrimination.
24. An order requiring Defendant to reinstate Plaintiff to the position she would have held but for Defendant's unlawful discrimination, with full seniority rights and benefits.
25. An order requiring Defendant to provide reasonable accommodation to enable Plaintiff to perform the essential functions of her position.
26. Compensatory damages for all lost wages and benefits, loss of earning capacity, emotional distress, humiliation, and other compensatory damages in an amount to be determined at trial.
27. Pre-judgment and post-judgment interest on all monetary damages at the maximum rate permitted by law.
28. Punitive damages in an amount sufficient to punish Defendant and deter future unlawful conduct.
29. Such other and further equitable relief as the Court deems appropriate, including but not limited to injunctive relief.

**AS TO COUNT V (DISCRIMINATION AND RETALIATION UNDER THRA)**

30. A declaratory judgment that Defendant violated the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401, by discriminating against and retaliating against Plaintiff on the basis of her sex, her exercise of rights under USERRA, and her disability.
31. An order requiring Defendant to cease and desist from engaging in unlawful discrimination and retaliation.
32. An order requiring Defendant to reinstate Plaintiff to the position she would have held but for Defendant's unlawful discrimination and retaliation, with full seniority rights and benefits.
33. Actual damages for all lost wages and benefits, loss of earning capacity, emotional distress, humiliation, and other actual damages in an amount to be determined at trial.
34. Pre-judgment and post-judgment interest on all monetary damages at the maximum rate permitted by law.
35. A permanent injunction, temporary injunction, temporary restraining order, or other order as the Court deems appropriate.

**AS TO ALL COUNTS:**

36. Reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action, as authorized by 38 U.S.C. § 4323(h), 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 12117(a), and Tenn. Code Ann. § 4-21-311(b).
37. A trial by jury on all issues.
38. Such other and further relief as this Court may deem just, proper, and equitable.

## IX. JURY DEMAND

105. Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/David L. King
David L. King, BR # 07311
Attorney for Plaintiff
TENNESSEE LAW GROUP
david@mylawyertennessee.com
1300 Division Street, Ste 102
Nashville, TN 37203
(615) 742-5373 office
(615) 742-5375 facsimile

**VERIFICATION**

I declare under penalty of perjury under the laws of the State of Tennessee and the United States of America that I have read the foregoing Complaint, that I am the Plaintiff in this action, and that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

Executed on this 27 day of July, 2026.

Marlowe Hillyer

Plaintiff